**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>BERNARDA RODRIGUEZ</u>
Plaintiff                                                    Case # _____
                                                            Judge _____

vs.

<u>COSTCO WHOLESALE CORPORATION</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

"EXHIBIT A"

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>1</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Evan Abel</u>         Fla. Bar # <u>092229</u>
    Attorney or party             (Bar # if attorney)

<u>Evan Abel</u>         <u>06/02/2022</u>
  (type or print name)        Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.

_____/

CIVIL DIVISION
CASE NO.:

## **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

The Plaintiff, BERNARDA RODRIGUEZ, by and through the undersigned counsel, hereby sues the Defendant, COSTCO WHOLESALE CORPORATION and alleges:

1.    This is an action for damages which exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest and costs, and otherwise within this Court's jurisdictional limits.

2.    At all times material hereto, the Plaintiff, BERNARDA RODRIGUEZ, was and is a resident of Miami-Dade County, Florida, and is otherwise *sui juris*.

3.    At all times material hereto, the Defendant, COSTCO WHOLESALE CORPORATION, was and is a Foreign Corporation doing business in Miami, Miami-Dade County, Florida.

4.    Venue is proper in this County in that all of the acts complained of herein occurred in Miami-Dade County, Florida.

5.    On or about March 24, 2021, the Plaintiff, BERNARDA RODRIGUEZ, was a business invitee of the Defendant, COSTCO WHOLESALE CORPORATION's premises located at 13450 SW 120th St, Miami, FL 33186.

## COUNT I - NEGLIGENCE CLAIM AGAINST COSTCO WHOLESALE CORPORATION

Plaintiff re-alleges and restates the allegations in paragraphs 1 through 5 as if fully set forth herein.

6.      At all times material hereto, and specifically on March 24, 2021, Defendant, COSTCO WHOLESALE CORPORATION, owned, managed, controlled, operated, and/or maintained the premises located at 13450 SW 120th St, Miami, FL 33186, in Miami-Dade County.

7.      On or about March 24, 2021, the Plaintiff, BERNARDA RODRIGUEZ, was lawfully in Defendant, COSTCO WHOLESALE CORPORATION's premises, when she slipped and fell on dishwashing soap.

8.      The Defendant owed to its business invitees a duty to provide a reasonably safe environment.

9.      That the Defendant, its agents, servants or employees, breached its duty owed to the Plaintiff by negligently maintaining its premises in the following manner:

a.      By failing to maintain the floor of the premises in a reasonably safe condition, to wit, allowing liquids such as dishwashing soap and/or other substances to accumulate on the floor, and to prevent dangerous conditions from occurring; and/or

b.      By failing to warn of the dangerous condition that existed at the time of the Plaintiff's incident; and/or

c.      Failing to place barricades, wet floor signs, or other marking devices utilized to alert customers such as the Plaintiff of the dangerous condition that existed at the time of Plaintiff's incident; and/or

d.      By failing to remove said dishwashing soap or other similar substance from the floor of the premises; and/or

e.      By failing to correct the hazardous condition of the premises when the Defendant knew or should have known that the customers shop in said premises and specifically the Plaintiff herein; and/or

f.      Was otherwise negligent in the care, maintenance, and upkeep of the premises, and specifically by allowing dishwashing soap and/or a similar substance to be left on the floor of the premises so as to cause the Plaintiff's injury.

10.      The Defendant knew or in the exercise of reasonable care should have known of the existence of the hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff, and the condition had existed for a sufficient length of time that the Defendant knew or should have known of the condition and could have easily remedied it and/or adequately warned its customers, including Plaintiff, of its existence.

11.      The hazardous and dangerous condition which constituted a dangerous condition to the Plaintiff occurred with such regularity that Defendant should have known of its existence.

12.      As a direct and proximate result of the aforementioned negligence of the Defendant, COSTCO WHOLESALE CORPORATION, the Plaintiff, BERNARDA RODRIGUEZ, slipped on dishwashing soap and/or a similar substance that had accumulated on the floor and sustained severe, grievous and permanent injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, loss of earnings and impairment of earning capacity and/or permanent aggravation of a pre-existing condition, and further incurred hospital bills, medical bills, and/or other bills as a result of said injuries; said injuries are either permanent or continuing in their nature and the Plaintiff, Bernarda  Rodriguez will suffer the losses into the future.

WHEREFORE, Plaintiff, BERNARDA RODRIGUEZ, hereby demands judgment for damages, costs and interest from the Defendant, COSTCO WHOLESALE

CORPORATION, together with whatever other relief the Court deems just and appropriate.

## **DEMAND FOR JURY TRIAL**

The Plaintiff, BERNARDA RODRIGUEZ, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: <u>June 2, 2022</u>

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
9130 S. Dadeland Blvd.
Penthouse Suite
Miami, FL 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: eabel@rubensteinlaw.com
cbarros@rubensteinlaw.com
eservice@rubensteinlaw.com

By:    <u>/s/ *Evan S. Abel*       </u>
        EVAN S. ABEL
        FBN: 092229

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,           CIVIL DIVISION
                                    CASE NO.:

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO DEFENDANT COSTCO WHOLESALE CORPORATION

     The Plaintiff, BERNARDA RODRIGUEZ, by and through the undersigned attorney, hereby gives notice of propounding Plaintiff's Initial Interrogatories upon the Defendant, Costco Wholesale Corporation to be answered within forty-five (45) days from the date of service pursuant to the Florida Rules of Civil Procedure.

     I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, COSTCO WHOLESALE CORPORATION.

     Dated: <u>June 2, 2022</u>

                                RUBENSTEIN LAW, P.A.
                                Attorneys for Plaintiff
                                9130 S. Dadeland Blvd.
                                Penthouse Suite
                                Miami, FL 33156
                                Phone: (305) 661-6000
                                Fax: (305) 670-7555
                                Email: eabel@rubensteinlaw.com
                                cbarros@rubensteinlaw.com
                                eservice@rubensteinlaw.com

                     By:     /s/ *Evan S. Abel*_____
                                EVAN S. ABEL
                                FBN: 092229

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, COSTCO WHOLESALE CORPORATION

*(If answering for another person or entity, answer with respect to that person or entity, unless otherwise stated.)*

1. State the full name, address and position with Defendant of the person answering these interrogatories.

2. State the full name, address and position with Defendant of the person(s) who was responsible for the inspection, maintenance, and/or cleaning of the area where Plaintiff fell on March 24, 2021.

3. State whether the Defendant, its agents, servants or employees received any complaints on March 24, 2021, about the condition of the area (including any liquid substance on the floor, debris on the floor, equipment leaking liquid on the floor, etc.) where Plaintiff fell prior to Plaintiff's fall on March 24, 2021. Please provide the full name(s) and address(es) of the person(s) who made the complaint, the date and time of the complaint, and the nature of the complaint.

4. Please state whether there have been any slip and falls at the store where this incident occurred during the three years prior to the subject incident? If so, please provide:

   (a)   Number of slip and falls?
   (b)   Date of each slip and fall?
   (c)   Name, address and telephone number of each person who slipped and fell?
   (d)   Whether or not the person reported any injuries?
   (e)   Identify the substance that was reported to have caused the slip and fall (e.g. Water, Juice, etc.)

5. With respect to each occurrence identified in the preceding question, please state the following:

   (a)   Whether Fire Rescue reported to the scene?
   (b)   Whether a claim was made against the Defendant?
   (c)   Whether a lawsuit was filed, and if so, please provide the case number?

6. State the full name and address of each eyewitness to all or part of Plaintiff's incident on March 24, 2021.

7. State the full name, address, and phone number of all persons, including employees, who were at or near the scene of Plaintiff's accident within one (1) hour before the incident on March 24, 2021.

8.     State the full name, address, and phone number of all persons, including employees, who arrived at the accident scene within one (1) hour after Plaintiff's incident on March 24, 2021.

9.     State the full name, address, and phone number of each person(s) who investigated the facts and circumstances of Plaintiff's incident on March 24, 2021 for you or your insurance carrier.

10.    State the full name, address, and phone number of all persons, including employees, who has given or provided a statement concerning Plaintiff's incident on March 24, 2021.

11.    If a report was made by an agent, servant or employee of the Defendant in the ordinary course of business with respect to Plaintiff's incident on March 24, 2021, state full name and address of the person who made the report, the date it was made and in whose custody it is.

12.    State the full name(s) and address(es) of each person(s) who is believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

13.    Describe the frequency and times of inspections of the incident area prior to the incident on March 24, 2021.  State the full name, address, and job title of the person who made the last inspection of the area where the Plaintiff's incident occurred.

14.    State the full name, address, and job title of each employee of the Defendant who responded to Plaintiff's fall on March 24, 2021.

15.    State whether you have within your possession or control photographs of the incident scene as it existed at the time of the Plaintiff's incident on March 24, 2021 or any photographs of Plaintiff on March 24, 2021.  If so, describe any and all such photographs, including the name, address, and job title of the person who took the photographs and the date the photographs were taken.

16.    Give a concise statement of the facts as to how you contend the Plaintiff's incident took place on March 24, 2021.

17.    If you contend that the Plaintiff acted in such manner as to cause or contribute to the incident on March 24, 2021, give a concise statement of the fact upon which you rely.

18.    Do you contend that any other person, entity, or corporation acted in such a manner so as to cause or contribute to the Plaintiff's fall on March 24, 2021 as

described in the Complaint?  If so, please state the full name, address, telephone number of the other person, entity or corporation, and the basis for your contention.

19.     Describe any and all policies of insurance which you contend cover you for the allegations set forth in Plaintiff's Complaint, detailing as to such policies the name of the insurance, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

20.     Did the Defendant have security cameras operating within the store located at 13450 SW 120th St, Miami, FL 33186, on the date of the subject accident? Additionally, did the Defendant have security cameras operating in the area where Plaintiff's incident on March 24, 2021 took place?  If so, did the security cameras capture this incident as it occurred?

21.     If the answer to interrogatory #20 was yes, please provide the complete name and address of the individual who has the most knowledge concerning the operation, maintenance and preservation of the security cameras and security tapes.

22.     If the answer to interrogatory #20 is yes, does Defendant have video recording footage from the day of the Plaintiff's fall on March 24, 2021, of the store and any video which depicts Plaintiff including the two hour period before and after the fall? If so, please provide the name and address of the custodian of the tape. If a period before and after the fall is maintained, state how much time before and after the fall is recorded/maintained. If Defendant had in its possession this tape, but no longer has the tape, please provide the name and address of the individual with the most knowledge concerning what happened to the surveillance tape.

23.     Is the Defendant properly named in the style of the case? If not, please provide the complete and proper name of the corporate defendant and the name and address of the registered agent to allow the Plaintiff to properly serve the corporate Defendant.

_____
AFFIANT

STATE OF FLORIDA
COUNTY OF _____)

     BEFORE ME, the undersigned authority, personally appeared _____, who being duly sworn, deposes and says that the answers to Interrogatories attached hereto are true to the best of his/her knowledge, information and belief.

     SWORN TO AND SUBSCRIBED before me on this _____ day of _____, 2022.

_____
NOTARY PUBLIC, STATE OF FLORIDA AT LARGE

My Commission Expires:
Personally known:         _____
or Produced Identification:    _____
Type of Identification Produced:  _____

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,                         CIVIL DIVISION
                                            CASE NO.:
     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

     Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT, COSTCO WHOLESALE CORPORATION

The Plaintiff, Bernarda Rodriguez, by and through the undersigned attorneys, hereby requests the Defendant, Costco Wholesale Corporation, produce for inspection and/or photocopying within forty-five (45) days from the date of service of this request, pursuant to the Florida Rules of Civil Procedure:

1.  The employee safety manual or other written document of the Defendant in effect on March 24, 2021 that discusses, touches, or concerns procedures for preventing and cleaning foreign substances such as food, liquid, etc., on the floor of its stores.

2.  Any and all policies and/or procedures of the Defendant in effect on March 24, 2021 that discusses, touches, or concerns maintaining surveillance video footage after a slip and fall has been reported in the Defendant's store.

3.  Any photographs taken by or on behalf of the Defendant that relates to the parties and/or scene of the alleged occurrence on March 24, 2021.

4.  Any and all statements obtained from any party in this matter concerning any of the issues in this lawsuit.

5.  Any and all statements obtained from any person concerning any of the issues in this lawsuit.

6.  Any and all insurance policies that do or may provide coverage for any of Plaintiff's claims, injuries, or damages as described in the Complaint,

including umbrella and excess policies.

7.      Any and all surveillance or other video or recording depicting the interior and/or exterior of the Costco Wholesale Corporation, located 13450 SW 120th St, Miami, FL 33186, Miami-Dade County, on March 24, 2021, including the two hour period before the alleged incident and the two hour period after the alleged incident. This request includes, but is not limited to, footage depicting the incident itself and any footage depicting the Plaintiff.

8.      All records, writings or other written memoranda concerning any other slip and falls at the store where this incident occurred, within the last three (3) years.

9.      All ordinances, regulations, rules, statutes, customs, practices and publications upon which your defenses herein, if any, are based.

10.     A list of the names and addresses (including clock-in/time records) of all employees employed at Costco Wholesale Corporation, located at 13450 SW 120th St, Miami, FL 33186, Miami-Dade County, on duty on the floor/area where Plaintiff fell on the day of the incident.

11.     Any and all incident reports or accident reports pertaining to the subject incident.

12.     A list of the names and addresses of all individuals and/or entities that were responsible for maintaining the area where Plaintiff fell on the day of the incident.

13.     All checklists, sign-off sheets, log books, etc., that show how frequently the area in question was inspected and/or cleaned on the day of the subject fall, and the one (1) month prior to the incident on March 24, 2021.

14.     A copy of any report created as a result of Plaintiff's incident on March 24, 2021, that was signed and/or filled out by Plaintiff.

15.     A copy of any witness statement, incident report, or other document created as a result of Plaintiff's incident on March 24, 2021.

16.     A map (aerial view) of the Defendant's store located at 13450 SW 120th St, Miami, FL 33186.  identifying the layout of the store as it existed on the date of the incident.

17.     A map of where surveillance cameras are placed within the store on the date of incident and what aisle or aisles the surveillance cameras depict/capture.

18.     Any document, photograph, or video, identified in your answers to interrogatories.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, Costco Wholesale Corporation.

Dated: <u>June 2, 2022</u>

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
9130 S. Dadeland Blvd.
Penthouse Suite
Miami, FL 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: eabel@rubensteinlaw.com
cbarros@rubensteinlaw.com
eservice@rubensteinlaw.com

By:     /s/ *Evan S. Abel*
        EVAN S. ABEL
        FBN: 092229

Filing # 150777293 E-Filed 06/02/2022 06:16:20 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,                    CIVIL DIVISION
                                       CASE NO.:
        Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

        Defendant.

_____/

**PLAINTIFF'S REQUEST FOR ADMISSIONS TO
DEFENDANT, COSTCO WHOLESALE CORPORATION**

The Plaintiff, BERNARDA RODRIGUEZ, by and through the undersigned counsel

and pursuant to Rule 1.370, Florida Rules of Civil Procedure, requests that Defendant,

COSTCO WHOLESALE CORPORATION, admit or deny the following:

1.     Costco Wholesale Corporation has been properly named in the complaint (i.e. the
       complaint contains the name of the proper entity to be sued).

2.     Costco Wholesale Corporation has been properly served with the summons and
       complaint.

3.     This matter has been filed within the statute of limitations.

4.     Venue is proper in Miami-Dade County, Florida.

5.     Plaintiff, Bernarda Rodriguez, was lawfully on the premises at the time of her slip
       and fall on March 24, 2021.

6.     Plaintiff, Bernarda Rodriguez, was a business invitee at the time of her slip and fall
       on March 24, 2021.

7.     Plaintiff, Bernarda Rodriguez, slipped and fell in the Costco located at 13450 SW
       120th St, Miami, FL 33186, on March 24, 2021.

8.     Plaintiff, Bernarda Rodriguez, suffered injuries as a result of the fall in the Costco
       located at 13450 SW 120th St, Miami, FL 33186, on March 24, 2021.

9.   Costco Wholesale Corporation was the owner of the premise located at 13450 SW 120th St, Miami, FL 33186.

10.   Costco Wholesale Corporation was the owner of the property where the premise in question is located.

11.   Costco Wholesale Corporation has surveillance footage capturing and/or depicting the Plaintiff slipping and falling on March 24, 2021.

12.   Costco Wholesale Corporation has surveillance footage capturing and/or depicting the Plaintiff at Defendant's premises on March 24, 2021.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was attached to the Complaint and Summons and served to the Defendant, Costco Wholesale Corporation

Dated: <u>June 2, 2022</u>

RUBENSTEIN LAW, P.A.
Attorneys for Plaintiff
9130 S. Dadeland Blvd.
Penthouse Suite
Miami, FL 33156
Phone: (305) 661-6000
Fax: (305) 670-7555
Email: eabel@rubensteinlaw.com
cbarros@rubensteinlaw.com
eservice@rubensteinlaw.com

By:   /s/ *Evan S. Abel*
EVAN S. ABEL
FBN: 092229

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,

      Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

      Defendant.

_____/

CIVIL DIVISION
CASE NO.: 2022-010207-CA-01

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint,
Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in
this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
**c/o Registered Agent, CT Corporation System**
**1200 South Pine Island**
**Plantation, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to
wit:

Evan Abel, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service,
and to file the original of the defenses with the clerk of this court either before service on Plaintiffs'
attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against
that defendant for the relief demanded in the complaint or petition.

     DATED ON:  on this ____ day of _____, 2022.

Clerk of Said Court

BY:_____
   As Deputy Clerk
   (Court Seal**)**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

     Defendant.

_____/

CIVIL DIVISION
CASE NO.: 2022-010207-CA-01

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

     **YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
**c/o Registered Agent, CT Corporation System**
**1200 South Pine Island**
**Plantation, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Evan Abel, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

     DATED ON: on this _____ day of _6/17/2022_, 2022.

          Clerk of Said Court

          BY:_____ 307965
              As Deputy Clerk
              (Court Seal)

## RETURN OF SERVICE

State of Florida

County of Miami-Dade

Circuit Court

Case Number: 2022-010207-CA-01

Plaintiff:
**BERNARDA RODRIGUEZ**

vs.

Defendant:
**COSTCO WHOLESALE CORPORATION**

For:
EVAN ABEL, ESQ.
RUBENSTEIN LAW, P.A.(MIAMI)
9130 S. DADELAND BLVD.
PH
MIAMI, FL 33156

Received by Eric Garcia on the 20th day of June, 2022 at 12:00 pm to be served on **COSTCO WHOLESALE CORPORATION, C/O R.A.: CT CORPORATAION SYSTEM, 1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**.

I, Eric Garcia, do hereby affirm that on the **20th day of June, 2022** at **2:50 pm, I:**

served a **CORPORATION, LLC, PARTNERSHIP OR BUSINESS ORGANIZATION** by delivering a true copy of the **Summons, Complaint For Damages And Demand For Jury Trial,Interrogatories, Request For Production AND Request For Admissions** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **SR CORP OPS MGR FOR REGISTERED AGENT** for **COSTCO WHOLESALE CORPORATION,**, at the address of: **1200 S. PINE ISLAND ROAD, PLANTATION, FL 33324**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: White, Height: 5'4", Weight: 140, Hair: Brown, Glasses: N

Under penalty of perjury, I swear or affirm, pursuant to Fla. Stat 92.525 that I have read the foregoing and the facts stated there are true. I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served.

**Eric Garcia**
SPS 1504

**Executive Express Courier & Process Services**
**4460 NW 73 AVE**
**MIAMI, FL 33166**
**(305) 371-0292**

Our Job Serial Number: JRT-2022054982
Ref: 413874 RODRIGUEZ VS COSTCO

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2e

Filing # 151131023 E-Filed 06/08/2022 05:24:59 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,

        Plaintiff,

v.

CIVIL DIVISION
CASE NO.: 2022-010207-CA-01

COSTCO WHOLESALE CORPORATION,

        Defendant.

_____/

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of Said State:

**YOU ARE HEREBY COMMANDED** to serve this Summons and a copy of the Complaint, Notice of Interrogatories, Interrogatories, Request for Production and Request for Admissions in this action on Defendant:

**COSTCO WHOLESALE CORPORATION**
**c/o Registered Agent, CT Corporation System**
**1200 South Pine Island**
**Plantation, FL 33324**

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney, to wit:

Evan Abel, Esquire
RUBENSTEIN LAW, P.A
9130 S. Dadeland Blvd, PH
Miami, FL 33156
Tel: (305) 661-6000 / Fax: (305) 670-7555

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON: on this _____ day of ____6/17/2022____, 2022.

Clerk of Said Court

BY: _____  307965
    As Deputy Clerk
    (Court Seal)

106594-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,                 CIRCUIT CIVIL DIVISION

     Plaintiff,                     CASE NO. 2022-010207-CA-01

v.

COSTCO WHOLESALE
CORPORATION

     Defendants.

_____/

## NOTICE OF APPEARANCE

PLEASE take notice that JAIME J. BACA, ESQUIRE of the law firm of WICKER SMITH

O'HARA MCCOY & FORD, P.A., enters an appearance in the above-styled case on behalf of

COSTCO WHOLESALE CORPORATION.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida
ePortal to: Evan S. Abel, Esquire, (eabel@rubensteinlaw.com; cbarros@rubensteinlaw.com
eservice@rubensteinlaw.com) on **July 1, 2022**.

/s/ Jaime J. Baca
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

106594-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,                          CIRCUIT CIVIL DIVISION

      Plaintiff,                                    CASE NO. 2022-010207-CA-01

v.

COSTCO WHOLESALE
CORPORATION

      Defendants.

_____/

## DEFENDANT'S REQUEST FOR PRODUCTION TO PLAINTIFF

PURSUANT to Rule 1.350, Fla. R. Civ. P., the Plaintiff, BERNARDA RODRIGUEZ, is

hereby requested to produce to the Defendant, COSTCO WHOLESALE CORPORATION, in the

time required by Rule 1.350, at the offices of the undersigned counsel, the following:

1. Federal Income Tax Returns and W-2 Forms for the past five years including
   individual and joint tax returns.

2. Federal Income Tax Returns for the past five years filed for any business or
   corporation that the Plaintiff has or had an ownership or financial interest.

3. A complete copy of the front and back sides of any and all health insurance cards
   or any type of insurance benefit card.

4. A color copy of the front and back of your driver's license.

5. Any and all notices of claim, loss, or injury submitted by you or on your behalf to
   the Defendant(s) or its/their insurance carrier(s).

6. A color copy of all pages contained within your passport, including the front and
   back sides of the cover.

7. All medical bills, doctor bills, hospital bills, drug bills, nursing bills, ambulance
   bills, and bills for similar expenses incurred as a result of and related to the injuries
   which are or may be the subject matter of this lawsuit.

CASE NO. 2022-010207-CA-01

8.     All repair bills, and repair estimates or documents evidencing property damage incurred or being claimed as a result of the accident or incident which is the subject matter of the complaint.

9.     Laser color copies of any and all photographs in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all photographs of the parties, or the scene of the subject accident or incident.  If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

10.    Laser copies of all photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts of the Defendants.

11.    Any and all videos in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all videos, videos or "day in the life" videos of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

12.    All medical reports received by the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees, from doctors, physicians or anyone else who has examined or rendered treatment to the Plaintiff(s), for injuries incurred as a result of the accident or incident which is the subject matter of this lawsuit.

13.    All medical and hospital records for the Plaintiff for the past five years.

14.    All letters of protection issued to each and every treating physician.

15.    All documentary evidence of benefits or payments made to the Plaintiff(s) or on Plaintiff(s) behalf pursuant to Florida Statute.

16.    All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case by the following:

A.     The United States Social Security Act; any Federal State or Local Disability Act; any other public programs providing medical benefits or payment for medical expenses, disability or other similar benefits.

B.     Any health, sickness or disability income insurance or other similar insurance benefits.

2

CASE NO. 2022-010207-CA-01

C.      Any contract or agreements of any group, organization, partnership or corporation to provide, pay for or reimburse costs of hospital, medical or other health care services.

D.      Any contractual or voluntary wage continuation plan provided by any employers or the Plaintiff(s) or any other system intended to provide wages during any period of alleged disability of the Plaintiff(s).

E.      Any other collateral source whatsoever providing compensation as a result of the damages incurred as a result of the incident or incidents which are the subject of this claim.

17.     Any audio recordings that are in any manner related to the subject matter of this lawsuit.

18.     All statements made by this Defendant, its agents or employees, that are in the possession or control of Plaintiff(s) or Plaintiff(s)' attorneys, servants, employees or agents regarding the incident complained of or in any way relating to the issues raised by the Complaint.

19.     All reports received from any experts the Plaintiff(s) intend to call at the time of trial and copies of all documents the experts have reviewed in preparation for rendering any opinions in this case.

20.     All documents that the experts have reviewed in arriving at their opinions in this case. (This request only relates to experts Plaintiff(s) intend to call at trial to testify.)

21.     All other documents in the possession or control of the Plaintiff(s) that support the Plaintiff(s)' claims that the Defendants are liable for the damages being claimed in this case.

22.     Any and all notices of intent to collect damages from the tort-feasor directed towards any provider of collateral source payments pursuant to Florida Statute §768.76(6). Please also include proof that the notice was sent by certified or registered mail.

23.     Any statements from providers of collateral source payments that assert a right to subrogation or reimbursement pursuant to Florida Statute §768.76(7).

24.     Any correspondence sent to or received by the Plaintiff(s) from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

CASE NO. 2022-010207-CA-01

*25.*    The Plaintiff's Social Security Personal Earnings and Benefits Statement.  ***In the alternative, sign and return the enclosed authorization for records.***

26.    Any and all settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

27.    Attached is an Authorization for the release of your Prescription Profile from Publix.  Please execute it and return with your response.

28.    Any and all statements obtained from any person pertaining to the allegations in the Complaint.

29.    All notes, text messages, and emails written by the Plaintiff(s) prior to the retention of counsel that relate to the allegations or subject matter of the Complaint.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Evan S. Abel, Esquire, (eabel@rubensteinlaw.com; cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) on **July 11, 2022**.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

CASE NO. 2022-010207-CA-01

### <u>AUTHORIZATION FOR USE OR DISCLOSURE</u><br><u>OF PROTECTED HEALTH INFORMATION</u>

**PERSON OR ENTITY DISCLOSING HEALTH INFORMATION:**

**Publix Super Markets, Inc.**
**Attn:  Privacy Officer**
**3300 Publix Corporate Parkway**
**Lakeland, FL  33811**

This is an authorization under the Privacy Rules of the Health Insurance Portability and Accountability Act of 1996 [45 CFR §164.508].

This is your authority to allow the bearer hereof, who is acting on behalf of the Law Firm of WICKER SMITH O'HARA McCOY & FORD, P.A., to produce the following:

**PHARMACEUTICAL RECORDS:** Please provide a copy of a detailed/itemized Prescription Profile associated with your pharmaceutical records for the last seven years. If your facility provides prescriptions outside of the State of Florida, please also include a detailed/itemized Prescription Profile from those other states wherein patient may have received services.

The cost of any copies or reports shall be at the expense of WICKER, SMITH, O'HARA, McCOY & FORD, P.A., and should be mailed to**:**  Vanessa M. Romero-Molina, Esquire, 2800 Ponce de Leon Boulevard, Suite 800, Coral Gables, FL  33134. Should you anticipate your fee for production of records to exceed $100.00, please provide us with a pre-paid invoice before copying any records via facsimile at (305) 441-1745.

**In addition, please copy, mail and bill the same records to my attorney as follows:**
Evan S. Abel, Esquire
RUBENSTEIN LAW, P.A.
9130 S. Dadeland Blvd., PH Suite
Miami, FL  33156
(305) 661-6000

**A reproduction of this authorization shall be considered as good and valid as the original.**

I understand that:
1)  I may revoke this authorization at any time.  My revocation must be in writing and provided to the facility where my medical records are kept.  I am aware that if I later revoke this authorization, such a revocation will not be effective for uses or disclosures that have already been made, or other actions that have already been taken in reliance on this authorization or as required by law.
2)  If I authorize my protected health information to be disclosed to someone who is not required to comply with federal privacy protection regulations, then such information may be re-disclosed and would no longer be protected.
3)  I have a right to inspect and receive a copy of my own protected health information to be used or disclosed, in accordance with the requirements of the federal privacy protection regulations found in the Privacy Act and 45 CFR § 164.524.

CASE NO. 2022-010207-CA-01

4)  The information will be used or disclosed for the following purposes:  Pending Litigation.
5)  Treatment or payment may not be conditioned upon my completion of this form.

     Unless revoked by me sooner or limited or restricted to a shorter time period by applicable law, this authorization shall be effective for one year after the date of my signing below.

     DATED this _____ day of _____, _____.


                                        _____
                                        **NAME:   BERNARDA RODRIGUEZ**
                                        **DOB:**
                                          **SSN:**

STATE OF _____
COUNTY OF _____

     Sworn to (or affirmed) and subscribed before me this _____ day of _____, 20____, by _____.


                                        _____
                                        Notary Public – State of _____

                                        (Print, Type, Stamp, or Commissioned
                                        Name of Notary Public)


Personally Known _____ OR Produced Identification _____
Type of Identification Produced:  _____

Form **SSA-7050-F4** (02-2021)                                                                 Page 2 of 4

# REQUEST FOR SOCIAL SECURITY EARNING INFORMATION

1.  Provide your name as it appears on your most recent Social Security card or the name of the individual whose earnings you are requesting.

First Name: ⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜   Middle Initial: ⬜

Last Name: ⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜⬜

Social Security Number (SSN) ⬜⬜⬜ ⬜⬜ ⬜⬜⬜⬜    One SSN per request

Date of Birth:                                           Date of Death:

Other Name(s) Used
Maiden Name

2. What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

⬜ **Itemized Statement of Earnings $92.00**

(Includes the names and addresses of employers)

If you check this box, tell us why you need this information below.

Year(s) Requested: ⬜⬜⬜⬜ to ⬜⬜⬜⬜

Year(s) Requested: ⬜⬜⬜⬜ to ⬜⬜⬜⬜

⬜ Check this box if you want the earnings information **CERTIFIED** for an additional $30.00 fee.

⬜ **Certified Yearly Totals of Earnings $30.00**

(Does not include the names and addresses of employers)Yearly earnings totals are FREE to the public if you do not require certification. To obtain FREE yearly totals of earnings, visit our website at www.ssa.gov/myaccount.

Year(s) Requested: ⬜⬜⬜⬜ to ⬜⬜⬜⬜

Year(s) Requested: ⬜⬜⬜⬜ to ⬜⬜⬜⬜

3. If you would like this information **sent to someone else**, please fill in the information below.

I authorize the Social Security Administration to release the earnings information to:

| Name | |
|---|---|
| Address | State |
| City | ZIP Code |

4. I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual). I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge.

| **Signature AND Printed Name of Individual or Legal Guardian** | *SSA must receive this form within 120 days from the date signed* |
|---|---|
|  | Date |
| Relationship (if applicable, you must attach proof) | Daytime Phone: |
| Address | State |
| City | ZIP Code |

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address *(Number and Street, City, State and ZIP Code)* | Address *(Number and Street, City, State and ZIP Code)* |

106594-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,                    CIRCUIT CIVIL DIVISION

      Plaintiff,                      CASE NO. 2022-010207-CA-01

v.

COSTCO WHOLESALE
CORPORATION

      Defendants.

_____/

### DEFENDANT'S REQUEST FOR ADMISSIONS TO PLAINTIFF

Pursuant to Fla. R. Civ. P., Rule 1.370, the Defendant, COSTCO WHOLESALE

CORPORATION, requests the Plaintiff, BERNARDA RODRIGUEZ, to admit or deny each of

the following:

1.      Plaintiff(s) received or is entitled to receive benefits from a collateral source, as

defined by Florida Statute 627.7372 or Florida Statute 768.76, for medical bills alleged to have

been incurred as a result of the incident described in the Complaint.

2.      Plaintiff(s) received or is entitled to receive benefits from a collateral source as

defined by Florida Statute 627.7372 or Florida Statute 768.76, for loss of wages or income alleged

to have been sustained as a result of the incident described in the Complaint.

3.      Plaintiff(s) received or is entitled to receive benefits pursuant to personal or group

health insurance policy, for medical bills alleged to have been incurred as a result of the incident

described in the Complaint.

4.      Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group

wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a

result of the incident described in the Complaint.

CASE NO. 2022-010207-CA-01

5.      Plaintiff(s) did not sustain a permanent injury within a reasonable degree of medical probability other than scarring or disfigurement as a result of the subject accident.

6.      Plaintiff(s) did not sustain significant and permanent scarring or disfigurement as a result of the subject accident.

7.      Plaintiff(s) did not sustain significant and permanent loss of an important bodily function as a result of the subject accident.

8.      Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

9.      Plaintiff(s) did not inspect his/her surroundings immediately before the subject incident.

10.     Plaintiff(s) did not inspect the floor surrounding his/her immediately before the subject accident.

11.     Plaintiff(s) failure to inspect his/her surroundings immediately before the subject incident contributed to the subject incident.

12.     Plaintiff(s) failure to inspect the floor surrounding his/her immediately before the subject incident contributed to the subject incident.

13.     Plaintiff(s) footwear contributed to the subject accident.

14.     Plaintiff(s) own negligence contributed to the subject incident.

15.     The sole cause of the subject incident is due to the negligence of Plaintiff(s).

CASE NO. 2022-010207-CA-01

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Evan S. Abel, Esquire, (eabel@rubensteinlaw.com; cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) on **July 11, 2022**.

_/s/ Jaime J. Baca_
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

106594-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,                            CIRCUIT CIVIL DIVISION

      Plaintiff,                                    CASE NO. 2022-010207-CA-01

v.

COSTCO WHOLESALE
CORPORATION

      Defendants.

_____/

## DEFENDANT'S NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

    Defendant, COSTCO WHOLESALE CORPORATION, propounds General Personal

Injury Negligence Interrogatories and Healthcare Interrogatories to Plaintiff, BERNARDA

RODRIGUEZ, to be responded to within the time and manner prescribed by Florida Rule of Civil

Procedure 1.340.

    WE HEREBY CERTIFY that the signed original of this facesheet has been electronically
served via Florida ePortal, and that an original of the interrogatories along with a copy of this
facesheet have been furnished to Evan S. Abel, Esquire, (eabel@rubensteinlaw.com;
cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) by e-mail on **July 11, 2022**.

                      */s/ Jaime J. Baca*
                      Jaime J. Baca, Esquire
                      Florida Bar No. 113859
                      WICKER SMITH O'HARA MCCOY & FORD, P.A.
                      Attorneys for COSTCO WHOLESALE
                      CORPORATION
                      2800 Ponce de Leon Boulevard, Suite 800
                      Coral Gables, FL  33134
                      Phone: (305) 448-3939
                      Fax: (305) 441-1745
                      miacrtpleadings@wickersmith.com

106594-12

|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |

BERNARDA RODRIGUEZ,                          CIRCUIT CIVIL DIVISION

     Plaintiff,                          CASE NO. 2022-010207-CA-01

v.

COSTCO WHOLESALE
CORPORATION

     Defendants.
_____/

## DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516

     Attorneys for Defendant, COSTCO WHOLESALE CORPORATION, hereby designate, pursuant to Rule 2.516, the following e-mail addresses for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

     **Primary E-Mail Address:**     miacrtpleadings@wickersmith.com**
      **\*\*THIS EMAIL ADDRESS IS FOR SERVICE OF PLEADINGS <u>ONLY</u>**

     **Secondary E-Mail Address:**     jbaca@wickersmith.com
     **Additional E-Mail Address:**     jperez1@wickersmith.com

     **\*\*THIS EMAIL ADDRESS IS FOR SERVICE OF PLEADINGS <u>ONLY</u>\*\***

     WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Evan S. Abel, Esquire, (eabel@rubensteinlaw.com; cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) on **July 11, 2022**.

               */s/ Jaime J. Baca*
               Jaime J. Baca, Esquire
               Florida Bar No. 113859
               WICKER SMITH O'HARA MCCOY & FORD, P.A.
               Attorneys for COSTCO WHOLESALE CORPORATION
               2800 Ponce de Leon Boulevard, Suite 800
               Coral Gables, FL  33134
               Phone: (305) 448-3939
               Fax: (305) 441-1745
               miacrtpleadings@wickersmith.com

106594-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

BERNARDA RODRIGUEZ,          CIRCUIT CIVIL DIVISION

      Plaintiff,                  CASE NO. 2022-010207-CA-01

v.

COSTCO WHOLESALE
CORPORATION,

      Defendants.

_____/

### DEFENDANT, COSTCO WHOLESALE CORPORATION'S
### ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, COSTCO WHOLESALE CORPORATION (hereinafter "COSTCO"), by and through the undersigned attorneys, file this Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial, and state as follows:

### ANSWER

1.     COSTCO denies the allegations contained in paragraphs 1, 9 (a-f), 10, 11 and 12 of Plaintiff's Complaint and demands strict proof thereof.

2.     COSTCO is without knowledge as to the allegations contained in paragraphs 2, 5 and 7 of Plaintiff's Complaint and therefore, denies same and demands strict proof thereof.

3.     COSTCO admits the allegations contained in paragraphs 3, 4, 6 and 8 of Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

1.     Costco affirmatively alleges Plaintiff was negligent, which was a legal cause of Plaintiff's own losses, injuries, or damages, and Plaintiff's negligence bars recovery or, in the alternative, reduces any recovery in accordance with the principles of comparative negligence.

CASE NO. 2022-010207-CA-01

2.      Costco affirmatively alleges this action is controlled by Florida Statutes section 768.0755 and Costco is entitled to all rights, remedies, and prescriptions set forth therein.

3.      Costco affirmative alleges Costco did not have actual or constructive knowledge of the alleged dangerous condition or defect and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

4.      Costco affirmatively alleges the alleged dangerous condition or defect was known or open and obvious to Plaintiff and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

5.      Costco affirmatively alleges Plaintiff knew, or in the exercise of reasonable care should have known, of the alleged dangerous condition and voluntarily chose to remain exposed to, or assumed the risk associated with, the alleged dangerous condition and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

6.      Costco affirmatively alleges Plaintiff failed to observe and follow warnings or instructions regarding the alleged dangerous condition and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

7.      Costco affirmatively alleges, pursuant to *Fabre v.  Marin*, 623 So. 2d 1182 (Fla. 1993) and *Nash v. Wells Fargo Guard Services, Inc*., 678 So. 2d 1262 (Fla. 1996), Plaintiff's losses, injuries, or damages were caused by a third party that was not within Costco's care, custody, or control and, therefore, Costco is not liable for the third party's negligence.

8.      Costco affirmatively alleges Costco's negligence, if any, was not the legal cause of Plaintiffs' losses, injuries, or damages.

CASE NO. 2022-010207-CA-01

9.      Costco affirmatively alleges Plaintiff's losses, injuries, or damages were caused by an intervening and superseding cause.

10.      Costco affirmatively alleges Plaintiff failed to mitigate damages and, therefore, Plaintiff is not entitled to recover damages that could have been mitigated.

11.      Costco affirmatively alleges Plaintiff's medical expenses incurred are unrelated, exaggerated, and unreasonable.

12.      Costco affirmatively alleges Plaintiff's claims for loss of wages or earning capacity are unrelated, exaggerated, and unreasonable.

13.      Costco affirmatively alleges Plaintiff received, or was entitled to, collateral source benefits and, pursuant to Florida Statutes § 768.76, Costco is entitled to a setoff to the extent of the value of all collateral source benefits paid, or payable, to or on behalf of Plaintiff.

14.      Costco affirmatively alleges Plaintiff's medical expenses incurred are limited to the amount paid or owed to Plaintiff's health care provider and not the amount charged by the health care provider.

## **DEMAND FOR JURY TRIAL**

Costco hereby demands a trial by jury of all issues so triable as of right by a jury.

*[THIS PORTION INTENTIONALLY LEFT BLANK.]*

CASE NO. 2022-010207-CA-01

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Evan S. Abel, Esquire, (eabel@rubensteinlaw.com; cbarros@rubensteinlaw.com; eservice@rubensteinlaw.com) on **July 11, 2022**.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for  COSTCO WHOLESALE CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com